## IN THE MATTER OF FARRAR, a/k/a GREMILLION (two cases).

(SUPREME COURT DISCIPLINARY NOS. 18, 34)

JORDAN, Justice.

The State Bar of Georgia found probable cause to file a complaint against the respondent in Docket No. 18, alleging that the respondent knowingly made a material misrepresentation of fact in connection with his application to take the Georgia Bar examination in that he failed to disclose his previous bar membership in Louisiana and his disbarment in that state.

In Docket No. 34 the State Bar of Georgia brought a complaint against the respondent seeking his suspension from the practice of law pending an appeal of a felony conviction.

In both matters this court appointed a special master who conducted an evidentiary hearing on July 18, 1978.

The special master made a report of his findings to the State Disciplinary Board and that board made certain findings of fact, conclusions of law, and recommendations to this court, the same being docketed in this court on August 22, 1978. The respondent has filed no exceptions to the findings and recommendations of the State Disciplinary Board as provided in Rule 4-219 of Chapter 2, Part IV, Rules and Regulations of the Organization and Government of the State Bar of Georgia.

It appears that the respondent has acknowledged that his conduct in Docket No. 18 is in violation of Standard 1 of the State Bar Rules, and that he desires to withdraw voluntarily from the State Bar of Georgia and from the practice of law in this state.

Pursuant to the recommendation of the State Disciplinary Board, it is ordered that the respondent be excluded from membership in the State Bar of Georgia and that his name be stricken from the rolls of those authorized to practice law in this state.

In view of this order the prosecution in Docket No. 34 is rendered moot.

It is further ordered that the respondent, John Paul Farrar, a/k/a Jack P. F. Gremillion, Jr., may apply for reinstatement of membership in the State Bar of Georgia only upon his compliance with the reinstatement proceedings of the State Bar in effect at the time of his petition for reinstatement.

*It is so ordered. All the Justices concur.*

DECIDED SEPTEMBER 26, 1978.

*John P. Farrar,* pro se.
*James E. Spence, Assistant General Counsel State Bar,* for State Bar.

